**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

In Re:  PEDRO UBALDO LINARES                         Case No. 11-11726-SSM
       Debtor                                                               Chapter 13
       and
       MARIA F. LINARES
**********************************

OneWest Bank, FSB, Movant

vs.

Pedro Ubaldo Linares, Debtor
Maria F. Linares, Non-Filing Co-Debtor
Thomas P. Gorman, Esq., Trustee
               Respondents

**CONSENT ORDER AND STIPULATION MODIFYING AUTOMATIC STAY**
**Real Property at 2209 Cherry Hill Rd, Dumfries, Virginia  22026**

      This matter is scheduled to be heard before the court on July 6, 2011, on the Motion of OneWest Bank, FSB, by its attorney, Abby K. Moynihan, Esq., for the relief from the automatic stay with respect to the property secured by the Deed of Trust dated June 20, 2006, and recorded among the land records of COUNTY OF PRINCE WILLIAM, Virginia, and secured by the real property of the Debtor at **2209 Cherry Hill Rd, Dumfries, Virginia  22026** and described as follows:

> *Beginning on the South Side of Route 635 (Cherry Hill Road) at point of tangency with a right hand curve having a radius of 408.13' and ARC distance of 163.86' a chord of 162.79' and a chord bearing N. 79 degrees 00' 15'' E. to a point of tangency; thence with a right hand curve having a radius of 285.38' and ARC of 122.04', a chord of 121.11' and a chord bearing S. 77 degrees 14' 33'' E. to a point of tangency; thence 64 degrees 59' 31'' E. 67.55' to a point; thence with a left hand curve having a radius of 515.68', an ARC of 58.17' a chord of 58.14' and a chord bearing of S. 68 degrees 13' 26'' E. to a road set; thence S-5 degrees 40' 35'' w/311.35' to a road set; thence along the line of C.L Duval, II, N. 45 degrees 31' 51'' W. 507.69 feet to the point of beginning and containing an area of 1.700 acres, more or less.*

> *And beginning the same property conveyed to Pedro Ubaldo Linares from James A. Venable  and Carole B. Venable dated April 30, 1999 and recorded May 3, 1999 in Deed Book 2736, Page 1295 among the land records of Prince William County, Virginia.*

Upon consideration of which, it is

**ORDERED:**

1.     The Debtor will resume making regular monthly installment payments in the amount of $2089.70 as they become due commencing on August 1, 2011.  Late payments will include applicable late charges in the amount of $81.73.

2.     The Debtors shall cure the post-petition arrearage currently due to the Movant through July 2011 in the total amount of $9,403.99, which includes late charges, filing fees and attorney's fees of $800.00, by making the following payments:

    a.     $1567.33 on or before July 25, 2011.
    b.     $1567.33 on or before August 25, 2011.
    c.     $1567.33 on or before September 25, 2011.
    d.     $1567.33 on or before October 25, 2011.
    e.     $1567.33 on or before November 25, 2011.
    f.     $1567.33 on or before December 25, 2011.

3.     In the event that any payment required by this order is not received by the Movant within 15 days after it is due, the Movant may mail a notice of default to the debtor by first class mail, post prepaid, (and, if it desires, also by certified or registered mail) with a copy to debtor's counsel and the trustee by first class mail, post prepaid, or by email at the same time as the notice of default is mailed to the debtor.  The notice of default will state in simple and plain language:

    a.     That the debtor is in default in making at least one payment required under this order;
    b.     The dates and amount of each payment missed and any late charge or other fee necessary to cure the default;
    c.     The action necessary to cure the default, including any address to which payments must be mailed;
    d.     That the debtor or trustee must take one of the following actions within fourteen days after the date of the mailing of the notice of default:
        i. Cure the default;
        ii. File an objection with the court stating that no default exists; or
        iii. File an objection with the court stating any other reason why an order granting relief from the automatic stay should not be entered;
    e.     That if the debtor or trustee does not take one of the actions set forth in paragraph 3(d), the Movant may file a certificate that it has complied with the terms of this order, and that the court may grant relief from the automatic stay without further notice to the debtor; and
    f.     That if the automatic stay is terminated, the collateral may be sold at foreclosure.

    If the Debtor or trustee does not take one of the actions set forth in paragraph 3(d), the Movant may submit a certificate stating that it has complied with the terms of this order and that neither the debtor nor the trustee has taken one of the actions set forth in paragraph 3(d) and may submit together with the certificate a draft order terminating the automatic stay.

    If the Debtor or trustee files an objection, the Movant must set the matter for hearing and give notice of the hearing to the debtor, debtor's counsel and the trustee. At the hearing, the court may terminate the stay or take other action appropriate to the circumstances.

4.    The provisions of this order with respect to regular monthly installment payments expire one year after the date of the entry of this order. In the event of the default in payment of any regular monthly installment payment due more than one year after the date of the entry of this order, the Movant must obtain relief by filing a new motion for relief from stay with appropriate notice and hearing.

5.    Until an order is entered terminating the automatic stay, the Movant may not refuse to accept or apply payments tendered by the debtor, even if such payments is without prejudice and shall not constitute a waiver of any default.

6.    The automatic stay is modified to permit the Noteholder or servicing agent to send the debtor payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business.

7.    Should the debtor default pursuant to the terms contained herein, unless otherwise ordered by this court, the Movant shall be entitled to reasonable attorney's fees in the amount of $50.00 for issuance of a notice of default, and an additional $50.00 for issuance of a certificate of default and preparation of an order terminating the automatic stay.

    DONE at Alexandria, Virginia:

**Jul 8 2011**                                       **/s/ Stephen S. Mitchell**
                                                                Judge, U.S. Bankruptcy Court
                                                                EASTERN District of Virginia

                                               Entered on Docket: **July 11, 2011**

SEEN AND CONSENTED TO:

/s/ Abby K. Moynihan
Abby K. Moynihan, Esq.
8101 Sandy Spring Road, #100
Laurel, MD 20707
VSB #79686
301.490.1196
*Attorney for Movant*

| | |
|---|---|
| /s/ Nathan A. Fisher           | (by Abby K. Moynihan, Esq. with permission from |
| **Nathan A. Fisher, Esq.** | Nathan A. Fisher, Esq. based on EMAIL) |
| 3977 Chain Bridge Road, #2 | |
| Fairfax, Virginia 22030 | |
| 703-691-1642 | |
| *Attorney for Debtors* | X/s/  Abby K. Moynihan          |

SEEN AND OBJECTED TO:

| | |
|---|---|
| | (by Abby K. Moynihan, Esq. with permission from Thomas |
| /s/ Thomas P. Gorman          | P. Gorman, Esq. based on EMAIL) |
| **Thomas P. Gorman, Esq.** | |
| 300 N. Washington St., Ste. 400 | |
| Alexandria, VA 22314 | X_/s/  Abby K. Moynihan            |
| 703-836-2226 | |
| *Trustee* | |

Local Rule 9022-1(C) Certification

The foregoing Order was endorsed by and/or served upon all necessary parties pursuant to Local Rule 9022-1(C).

/s/  Abby K. Moynihan, Esq.

Certification

The undersigned certifies that the foregoing Order Granting Relief from Stay is in substantial compliance to the form order required by the Administrative Order and that no modifications, additions or deletions have been made.

/s/  Abby K. Moynihan, Esq.

**PARTIES TO RECEIVE COPIES**

Pedro Ubaldo Linares
2209 Cherry Hill Road
Dumfries, Virginia  22026

Maria F. Linares
2209 Cherry Hill Road
Dumfries, Virginia 22026

Copies to be sent electronically via the CM/ECF system to Nathan A. Fisher, Esq., Abby K. Moynihan, Esq., and Thomas P. Gorman, Esq., Trustee.

United States Bankruptcy Court
Eastern District of Virginia

In re:                                                               Case No. 11-11726-SSM
Pedro Ubaldo Linares                                                 Chapter 13
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0422-9          User: voehle              Page 1 of 1              Date Rcvd: Jul 11, 2011
                              Form ID: pdforder         Total Noticed: 2

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 13, 2011.
db         +Pedro Ubaldo Linares,   2209 Cherry Hill Road,   Dumfries, VA 22026-2924
           +Maria F. Linares,   2209 Cherry Hill Road,   Dumfries, VA 22026-2924

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                              TOTAL: 0

           ***** BYPASSED RECIPIENTS *****
NONE.                                                                                              TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Jul 13, 2011**                    **Signature:**   _Joseph Speetjens_